## MARY LYONS *vs.* CITY OF CAMBRIDGE.

Middlesex. November 10. — 14, 1881. MORTON & ALLEN, JJ., absent.

A petition to establish the truth of exceptions alleged "that said bill is in conformity to the truth, and should have been allowed; or if erroneous in any respect or incomplete, a hearing should have been had upon the same." *Held,* that the last averment was superfluous and irrelevant, but that the surplusage and irrelevancy did not require the petition to be dismissed.

PETITION to establish the truth of exceptions alleged at the trial by jury, in the Superior Court, before *Wilkinson,* J., of an action brought by the petitioner against the respondent.

The petition, which was duly sworn to, alleged that the bill of exceptions, a copy of which was annexed, was filed with the clerk, presented to the presiding judge, and notice thereof given to the respondent, within three days after the verdict; "that said bill is in conformity to the truth, and should have been allowed by said presiding justice; or if erroneous in any respect or incomplete, a hearing should have been had or allowed upon the same between the parties and before the said presiding justice, or at least the same should have been submitted to the opposite counsel for examination and opportunity afforded to be heard and object; or if the court had objections thereto in any particular, the same should have been made known to said petitioner or her counsel and an opportunity given for a hearing or the making of such changes, alterations or additions as might be proper or necessary. But your petitioner avers that said presiding justice, without any hearing or opportunity for a hearing, and without making known any objection thereto or what there was objectionable in said bill, disallowed said bill upon the 11th day of May aforesaid, and returned it to the files of said Superior Court. Wherefore your petitioner requests leave to establish the truth of the said exceptions as filed and presented as aforesaid, as by law and the rules of this court provided."

*J. W. Hammond,* for the respondent, moved to dismiss the petition, because it did not positively state that the bill of exceptions presented was in conformity with the truth; but alleged that the bill was either in conformity with the truth and should

have been allowed, or was erroneous and incomplete, and a fur-
ther hearing should have been had before the judge who presided
at the trial.

*W. E. L. Dillaway*, for the petitioner.

BY THE COURT. The petition alleges that the bill of ex-
ceptions filed with the clerk and presented to the judge is in
conformity with the truth and should have been allowed. The
next succeeding averment in the petition, beginning with the
words, " or if erroneous in any respect or incomplete, a hearing
should have been had," is superfluous and irrelevant. As this
averment contains no affirmative allegation of fact, but only a
hypothetical suggestion, followed by an incorrect legal inference,
and as the only relief prayed for in the petition is that the
truth of the exceptions filed and presented may be established,
the court is of opinion that the surplusage and irrelevancy do
not, under the existing statutes and rules, require the petition
to be dismissed.                *Petition referred to a commissioner.*